# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-62677-BLOOM/Valle

RED GINGER CHINESE RESTAURANT, INC.,

      Plaintiff,

v.

ALSCO INC. and AMERICAN FINANCIAL
MANAGEMENT, INC.,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Alsco, Inc.'s ("Alsco" or "Defendant")
Motion to Dismiss the Complaint, ECF No. [21] ("Motion"). Plaintiff Red Ginger Chinese
Restaurant, Inc. ("Red Ginger" or "Plaintiff") filed a Response, ECF No. [22] ("Response"), to
which Alsco filed a Reply, ECF No. [25] ("Reply"). The Court has carefully considered the
Motion, the Response and Reply, all attachments thereto, the record in this case, the applicable
law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.      BACKGROUND

This case arises as a result of an underlying lawsuit in state court. Red Ginger owns and
operates a Chinese restaurant located at 1700 West New Haven Avenue, Suite 633, in Melbourne,
Florida. Alsco is a linen and uniform rental business that provides services to restaurants,
healthcare organizations, the automotive industry, and industrial facilities. Defendant American
Financial Management, Inc. ("American Financial") is a commercial collection agency.[1] In the
Complaint, ECF No. [1], Red Ginger alleges that in May 2016, American Financial reported to

---

[1] American Financial previously filed an Answer and Affirmative Defenses, ECF No. [12].

each of the three credit reporting agencies that Red Ginger owed a debt of $42,245.00 for which Alsco hired American Financial to collect. According to Red Ginger, the credit reporting was false because Red Ginger did not owe any monies to American Financial or its client, Alsco.

On or about November 17, 2016, Alsco initiated a lawsuit against Red Ginger in state court alleging that Red Ginger executed, delivered, and subsequently breached the terms of a written linen supply contract with Alsco, and that as a result, Red Ginger owed Alsco $42,244.65. Alsco made this allegation notwithstanding the fact that the written contract attached to the state court complaint identified "Red Ginger Chin[e]s[e] Cuisine & Lounge," not Plaintiff, and an address at 6300 N. Wickham Road, Suite 127, in Melbourne, Florida, at which Plaintiff has never operated any business. Alsco subsequently filed an amended complaint in the state court lawsuit containing substantially the same allegations against Red Ginger.

On February 8, 2017, Red Ginger filed an answer to the amended complaint in the state court lawsuit that notified Alsco by way of an affirmative defense that the subject contract was not between Red Ginger and Alsco. On March 13, 2017, Red Ginger served responses to Alsco's interrogatories, again notifying Alsco that Red Ginger was not a party to the subject contract.

On March 8, 2018, Alsco filed a motion for leave to amend its complaint in the state court. Alsco acknowledged for the first time in sixteen months since initial filing that Red Ginger had been named as a defendant erroneously. The motion asked the state court to amend the caption to reflect the correct entity, Red Ginger Group, LLC ("RG Group"), which owns and operates the restaurant at 6300 N. Wickham Road. The state court granted Alsco's motion and also granted Red Ginger's pending motion to dismiss with prejudice. Within one month of the dismissal, Alsco caused American Financial to remove the negative credit reporting associated with Red Ginger from the three credit reporting bureaus.

However, in October, 2018, Alsco caused American Financial to re-report the negative reporting, which remains as of the date of filing the instant case. According to Red Ginger, the re-reporting has caused damage to Red Ginger's business, including hampering its ability to refinance a loan.

As a result, Red Ginger asserts two claims against Alsco for slander of credit (Count 1) and malicious prosecution (Count 2). In the Motion, Alsco seeks dismissal of the claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.

Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III.   DISCUSSION

Alsco first argues that Red Ginger's claim for slander of credit is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. In response, Red Ginger argues that the FCRA does not apply to bar Red Ginger's claim in this case. In the Reply, Alsco fails to address Red Ginger's counter-argument, appearing to concede this point.[2]

The FCRA provides a private cause of action under sections 1681n and 1681o. Section 1681n provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." 15 U.S.C.

---

[2] *See generally Melendez v. Town of Bay Harbor Islands*, No. 14-22383-CIV, 2014 WL 6682535, at *7 (S.D. Fla. Nov. 25, 2014) (conceding that punitive damages were not recoverable by failing to address argument in responsive brief); *Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (conceding claims were subject to dismissal by failing to address defendant's argument in plaintiff's opposition to the motion to dismiss); *Slugocki v. U.S. By & Through Dep't of Labor, Office of Workers' Comp. Programs, Div. of Fed. Employees' Comp.*, 988 F. Supp. 1443, 1447 (S.D. Fla. 1997) ("[Plaintiff] appears to concede as much when he fails to address this argument anywhere in his Response brief."); *see also* "On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez-Arriola v. White Wilson Med. Ctr. PA*, No. 09-495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)).

§ 1681n. Section 1681o in turn provides that "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." 15 U.S.C. § 1681o. For purposes of the FCRA, a "person" is defined as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). Thus, Red Ginger would be considered to be a "person" subject to the FCRA. However, the definition of "consumer" is limited to "an individual." 15 U.S.C. § 1681a(c). Accordingly, a cause of action under the FCRA is only available to an individual, and not a corporation such as Red Ginger. Therefore, the FCRA does not apply to Red Ginger's claim for slander of credit and the claim is not preempted by the FCRA, as Alsco argues.

Alsco argues next that Red Ginger's claim for malicious prosecution should be dismissed because Red Ginger cannot allege a bona fide termination of the state court lawsuit in its favor, lack of probable cause by Alsco, or that Alsco acted with legal malice in filing the state court lawsuit. The Court considers each argument in turn.

Under Florida law, Plaintiff must establish six elements to support a claim for the tort of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

**A. Bona fide termination**

Alsco contends that because the state court lawsuit ultimately ended by way of a settlement between RG Group and Alsco, Red Ginger cannot allege that there was a bona fide termination of the state court lawsuit in its favor. In support of its contention, Alsco relies upon *Doss v. Bank of America, N.A.*, 857 So. 2d 991, 995 (Fla. 5th DCA 2003). However, upon review, *Doss* supports the opposite finding. In *Doss*, the plaintiff was an individual bank account holder whose name had been used to endorse a number of fraudulent checks, which the bank paid out in cash. 857 So. 2d at 993. The bank conducted a fraud investigation and determined that the plaintiff was not actually involved in the fraud. *Id*. at 993-994. Even so, the bank later took the remaining balance from the plaintiff's account and filed suit against the plaintiff, seeking recovery of the amounts the bank lost as a result of the fraud. *Id*. Eventually, that lawsuit was resolved by way of a stipulation and was dismissed by the county court. *Id*. Thereafter, the plaintiff filed suit against the bank for malicious prosecution. *Id*. While the Fifth District Court of Appeal noted that a stipulation does not generally constitute a bona fide termination, it ultimately determined that under the totality of the circumstances, there was a bona fide termination of the underlying suit in the plaintiff's favor. This finding was, in part, because the bank's offer to refund the plaintiff's bank account balance demonstrated the bank's opinion of the plaintiff's innocence. *Id.* at 995. Ultimately, the court concluded that the bank failed to show that the stipulation was entered for any reason not consistent with the bank's recognition of the plaintiff's lack of liability. *Id*. at 997. This case is similar.

Here, the materials attached to the Motion are sufficient to support the Complaint's allegations that the dismissal of Red Ginger from the state court lawsuit constitutes a bona fide termination in Red Ginger's favor. Indeed, it took sixteen months after the lawsuit was filed, and following Red Ginger's affirmative defense, denials in response to interrogatories, and deposition testimony of its owner regarding the lack of a contract between Red Ginger and Alsco, for Alsco

6

to seek to amend the complaint, acknowledging that Alsco had "erroneously named" Red Ginger "as a party Defendant in [the state court] action."

### B. Probable cause

To establish probable cause, it is not necessary to show that the instigator of a lawsuit was certain of the outcome of the proceeding, but rather that he had a reasonable belief, based on facts and circumstances known to him, in the validity of the claim." *Wright v. Yurko,* 446 So. 2d 1162, 1166 (Fla. 5th DCA 1984) (footnotes omitted). In other words, the instigator must have had "'[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'" *Goldstein v. Sabella,* 88 So.2d 910, 911 (Fla. 1956) (quoting *Dunnavant v. State,* 46 So. 2d 871, 874 (Fla. 1950) ). "Probable cause in the context of a civil suit is measured by a lesser standard than in a criminal suit." *Wright,* 446 So. 2d at 1166. In *City of Pensacola v. Owens*, the Supreme Court of Florida explained that "[w]hat facts and circumstances amount to probable cause is a pure question of law," while the existence of those facts or circumstances "in any particular case is a pure question of fact." 369 So. 2d 328, 330 (Fla. 1979) (internal quotation marks omitted). *See also Endacott v. Int'l Hospitality, Inc.,* 910 So. 2d 915, 922 (Fla. 3rd DCA 2005) (noting that probable cause is a question for the jury when material facts are in dispute). Here, the parties dispute the facts alleged.

Red Ginger alleges that Alsco sued the wrong entity in the state court lawsuit, and that Red Ginger notified Alsco on numerous occasions that it was not the correct party. Alsco contends that it was reasonable to believe that it sued the right entity because the name on the contract was a fictitious name not associated with either Red Ginger or RG Group, both Red Ginger and RG Group received linen services from Alsco, at times even shared a linen service agreement with Alsco, and the discovery of the error was delayed because of Red Ginger's litigation tactics in the

state court lawsuit. Because these facts are disputed, it would be inappropriate at this stage to dismiss Red Ginger's claim for failure to sufficiently allege a lack of probable cause.

### C. Malice

"In an action for malicious prosecution, it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." *Alamo Rent-A-Car,* 632 So.2d at 1357. "Legal malice, which is also referred to as technical malice or malice in law, 'requires proof of an intentional act performed without justification or excuse.'" *Olson v. Johnson,* 961 So .2d 356, 359 (Fla. 2d DCA 2007) (quoting *Reed v. State,* 837 So. 2d 366, 368-69 (Fla. 2002)). Negligence is insufficient to support an inference of malice. *Ware v. United States,* 838 F. Supp. 1561, 1563 (M.D. Fla. 1993).

Alsco argues that because it was entirely justified in bringing claims against Red Ginger based on the facts known to it at the time, Alsco lacked legal malice. The Court disagrees. Since the Court has already determined that the Complaint sufficiently alleges a lack of probable cause, the Court finds that the Complaint sufficiently alleges legal malice.

Finally, Alsco contends that Florida's economic loss rule bars Red Ginger's claim because Red Ginger was a third-party beneficiary to the settlement agreement between RG Group and Alsco.[3] Alsco's argument is misplaced.

First, the Florida Supreme Court limited the application of the economic loss rule to products liability cases in *Tiara Condominium Association, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 2d 399 (Fla. 2013). Thus, it does not apply here. Nevertheless, to the extent that Alsco is relying upon the independent tort doctrine, the argument also fails. Florida's

---

[3] The settlement agreement required Alsco to remove the negative credit reporting information regarding Red Ginger.

independent tort doctrine "bars a contracting party from recovery in tort where the act complained of relates to the performance of the contract." *De Sterling v. Bank of Am., N.A.*, No. 09-21490-CIV, 2009 WL 3756335, at *3 (S.D. Fla. Nov. 6, 2009). However, the independent tort doctrine does not bar claims where the plaintiff alleges conduct independent from acts that breach the contract, and do not in and of themselves constitute a breach of the contract. *XP Glob. Inc. v. AVM, L.P.*, No. 16-cv-80905-BLOOM/Valle, 2016 WL 4987618, at *4 (S.D. Fla. Sept. 19, 2016).

Alsco argues that Red Ginger's claims are premised upon Alsco's negative credit reporting, which was addressed in the settlement agreement between RG Group and Alsco. However, upon a review of the allegations in the Complaint, Red Ginger's claims are not premised upon Alsco's initial negative credit reporting (which the Complaint acknowledges was removed after the settlement agreement), but the allegedly wrongful re-reporting of the negative credit information in October 2018. Accordingly, Red Ginger's claims are not barred by the independent tort doctrine.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that

1.  Alsco's Motion, **ECF No. [21]**, is **DENIED**.

2.  Alsco shall file its Answer to the Complaint **no later than February 3, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record